WILLIAM BERGHOLZ et al.

*v.*

ELISHA RUCKMAN et al.

A defendant made application for leave to file a bill of review six years after the final decree was entered against him. The application was based upon the ground that he had material evidence to present in his defence, which he did not present during the progress of the suit because of his want of knowledge of the existence of the suit, of which he alleged he knew nothing until October, 1885, more than five years after the making of the decree. He was a nonresident. There was a decree *pro confesso* regularly taken against him, and a writ of injunction was served upon him in the beginning of the suit, in which writ the existence of the suit was stated, and that he was a party defendant thereto.—*Held*, that the application must be denied for want of merits.

Petition of Charles Judson for leave to file bill of review. On petition, answer and affidavits.

*Mr. S. B. Ransom,* for the application.

*Mr. C. Parker* and *Mr. C. Parker, Jr., contra.*

THE CHANCELLOR.

The bill in this cause, which was a creditor's bill, was filed April 1st, 1878. The object of the suit was to apply to the payment of the complainant's debt certain land and other property, which Elisha Ruckman, the judgment debtor, had, as alleged, transferred to other persons for his own benefit and to defraud his creditors, which land and other property were then held by those persons accordingly. Under the judgment, which was recovered in the supreme court of this state, the land had been sold, and had, according to the statements of the bill, been bought in at the sheriff's sale by Ruckman himself, who paid for it, but took the sheriff's deed therefor in the name of Charles Judson. Afterwards, Ruckman being then a nonresident, an

attachment to recover the balance due on the judgment was issued out of the supreme court, under which the land .was attached as the property of Ruckman.  His interest in the other property was also attached, but inasmuch as Judson claims no interest therein and was not made a defendant in this suit in respect thereto, but in reference to the land only, it is not deemed necessary to speak with any particularity in regard to that branch of the case.  The bill prayed, among other things, that Judson might . be decreed to convey the lands as this court might direct, and that, if necessary, the deed from the sheriff to him might be set aside as without consideration and made to defraud Ruckman's creditors.  Judson was an absent defendant, and there was no personal service of process upon him, but the steps directed by law to be taken in the case of absent defendants were taken as to him.  A decree *pro confesso* was regularly entered against. him June 25th, 1878, and the cause proceeded regularly to the end.  After the taking of testimony, it was set down upon the list at February term, 1880.  It was heard, and a final decree was made therein May 14th, in that year. The decree has been enrolled.  After the lapse of about six years from the making of the decree, Judson applies for leave to file a bill of review, on the ground that the decree is erroneous upon its face, and that he has material evidence to produce in his own behalf which he did not present in the cause during its progress because he did not know of the existence of the suit until October, 1885, more than five years after the making of the decree.  The error, which it is alleged is patent upon the face of the decree, is that the allegations of the bill did not warrant the prayer above particularly mentioned (which prayer was granted), because, as Judson insists, the interest of Ruckman in the land was, according to the statements of the bill, held in trust for him, and, therefore, was not attachable.  This position is not tenable.  The very question thus raised was decided in *Williams* v. *Michenor*, *3 Stock. 520*.  See, also, *Robert* v. *Hodges*, *1 C. E. Gr. 299*, and *Curry* v. *Glass*, *10 C. E. Gr. 108*.

As to the other ground that the petitioner has important evidence to produce in his own behalf.  The testimony which he pro-

Bergholz *v.* Ruckman.

poses to introduce was all known to him at the commencement of this suit, and is not in any sense newly discovered. But he rests his claim to the relief which he seeks on this head upon his allegation that he had no notice of the suit. Manifestly, the claim cannot be supported upon that ground. The decree *pro confesso* adjudged that the petitioner had been duly brought into court, according to law, and that decree is conclusive against him. But, on looking into the proofs, it not only appears that he was notified according to law, but also that he, in fact, had knowledge of the existence of the suit. The notice was mailed to him May 10th, 1878, in a letter addressed to him at 133 Nassau street, in the city of New York, the place at which, according to the New York directory, he had his office (he is a lawyer) in that year, as well as in subsequent years, up to and including 1883. It appears that on the 5th of April, 1878, the writ of injunction in the cause was served upon him personally at that very office, by delivering to him a copy thereof. The writ stated that he was one of the parties defendant to the suit, and enjoined him from disposing of or encumbering any of the land conveyed by the sheriff to him until he should have answered the bill &c.

The relief which the petitioner seeks cannot be granted on any ground nor in any way, whether by leave to file a bill of review, or by rehearing, or by opening the decree. Besides the other objections (which are sufficient of themselves to compel a denial of the application), there are considerations arising out of the changed situation of parties which also forbid. Ruckman and the complainants came to a settlement in February, 1882, in pursuance of which the former paid $12,666.35, receiving credit for the amount which the land brought at the auditor's sale under the decree, and both the judgment in attachment and that upon which the attachment was founded were canceled of record. Moreover, Ruckman is dead. The complainants, therefore, could not get his testimony in the cause if the decree were opened.

The petition will be dismissed, with costs.